**Bridget L. SCOTT, Petitioner,**

v.

**MERIT SYSTEMS PROTECTION BOARD, Respondent.**

**No. 03–3260.**

United States Court of Appeals, Federal Circuit.

DECIDED: March 8, 2004.

Bridget L. Scott, of Counsel, Nyack, NY, for Petitioner.

Thomas D. Dinackus, Principal Attorney, Todd M. Hughes, David M. Cohen, of Counsel, Sara B. Rearden, Principal Attorney, Joyce G. Friedman, of Counsel, Washington, DC, for Respondent.

Before CLEVENGER, RADER, and BRYSON, Circuit Judges.

PER CURIAM.

Bridget L. Scott seeks review of the final decision of the Merit Systems Protection Board ("Board") dismissing her petition for review as untimely filed. *Scott v. Dep't of Veterans Affairs,* 93 M.S.P.R. 448 (M.S.P.B.2003). We *dismiss* for lack of jurisdiction.

I

Ms. Scott appealed to the Board in 2000 from her removal by the Department of Veterans Affairs from her position as GS–6 Licensed Practical Nurse. During a hearing of that appeal, the parties entered into a settlement agreement. In the order adopting the settlement agreement and thereby dismissing Ms. Scott's appeal, the administrative judge informed Ms. Scott in the initial decision that the initial decision would become the final decision of the Board unless a petition for review of the initial decision was filed with the Board by July 21, 2000. Therefore, if Ms. Scott had wished to challenge the entry of the settlement agreement (and the concurrent dismissal of her appeal), she could have either filed a timely petition for review to the full Board, or have filed a timely petition for review in this court from the initial decision by the administrative judge, which would have become the final decision of the Board in the absence of a timely petition for review to the full Board.

Ms. Scott did not file a timely petition for review to the full Board, nor did she petition this court for review of the July 21, 2000, final decision of the Board on the subject of entry of the settlement agreement. Instead, she filed a petition for review to the full Board on February 1, 2001. Because this petition was clearly untimely, the Board notified Ms. Scott of that fact and gave her an opportunity to explain why the time deadline for filing should be waived. She did not respond directly to this request, but asserted that her employer had not fulfilled its obligations under the settlement agreement. The Board held that Ms. Scott had not stated adequate grounds for waiver of the time requirement, and that her appeal from the decision entering the settlement agreement therefore failed. The Board treated her petition as a petition to enforce the terms of the settlement agreement, and on September 6, 2001, referred the petition back to an administrative judge.

The administrative judge reviewed Ms. Scott's contentions as to why the agency had not complied with its obligations under the settlement agreement, and concluded that Ms. Scott had not shown by clear and convincing evidence that the agency was in breach. The administrative judge therefore denied the petition for enforcement on January 22, 2002, and notified Ms. Scott that she could either petition for review to the full Board or to this court. If she failed to petition the full Board by February 26, 2002, then the administrative judge's dismissal of her petition for enforcement would be final, and her only avenue of review would be by timely petition to this court.

Ms. Scott did not timely petition for review in this court, and instead asked the Board for additional time to file a petition for review to the Board. The Board granted her request, giving her until

March 19, 2002, to file her petition for review. She did not file her petition for review to the full Board until February 13, 2003, well out of time.

When again presented with an opportunity to explain why the time requirement should be waived, Ms. Scott argued that new evidence received by her in February of 2003 excused her untimely petition for review. Because Ms. Scott did not submit the alleged new evidence, the Board concluded that she had not met her burden to establish grounds for waiver of the duty to file on time. Consequently, the Board denied her petition for enforcement of the settlement agreement.

Ms. Scott timely sought review in this court, and we have jurisdiction to review a final decision of the Board under 28 U.S.C. § 1295(a)(9) (2000).

## II

We must affirm the final decision of the Board unless we conclude that it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. 5 U.S.C. § 7703(c) (2000). In this case, the facts are not in dispute. Ms. Scott did not timely seek review of her petition to enforce the settlement agreement. Because she did not timely achieve review by the full Board, the decision of the administrative judge, dismissing her petition for enforcement, became the final decision of the Board on February 26, 2002. In order for this court to have jurisdiction over her appeal, she would have had to file her petition for review here within 60 days from her receipt of the January 22, 2002, decision of the Board. Because there is no timely petition for review in this court, we must dismiss her petition for lack of jurisdiction.